[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 290.]

THE STATE OF OHIO, APPELLEE, *v*. WILLIAMS, APPELLANT.

[Cite as *State v. Williams*, 1996-Ohio-408.]

*Criminal law—Doctrine of issue preclusion does not preclude relitigation in criminal proceeding of an issue that was previously determined at an administrative-license-suspension hearing—Motor vehicles—Trial court's determination of an administrative-license-suspension appeal is a final appealable order.*

1.   The doctrine of issue preclusion does not preclude the relitigation in a criminal proceeding of an issue that was previously determined at an administrative-license-suspension hearing.

2.   A trial court's determination of an administrative-license-suspension appeal is an order entered in a special proceeding and is final pursuant to R.C. 2505.02. (*Columbus v. Adams* [1984], 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887, overruled.)

(No. 95-880—Submitted February 7, 1996—Decided July 30,1996.)

APPEAL from Court of Appeals for Athens County, No. 94CA1626.

———————————

{¶ 1} On December 11, 1993, Sergeant Scholl and Trooper Rutherford of the Ohio State Highway Patrol observed a car, traveling eastbound at a high rate of speed, cross over a double yellow line on an undivided roadway and pass a slower vehicle. Only Sergeant Scholl observed the driver of the speeding vehicle. By the time the patrolmen caught up with the vehicle, it had already been parked on the side of the street and the driver and passenger had exited the vehicle and were entering a bar as the patrolmen approached them. Smelling alcohol on Williams's person, Sergeant Scholl administered field sobriety tests to Williams and determined that he was under the influence of alcohol. Williams was placed under

arrest by Trooper Rutherford and taken to the Athens Post of the Ohio State Highway Patrol where, after unsuccessfully attempting to contact his attorney, Williams consented to a breath-alcohol test. Williams tested at .137 grams of alcohol by weight per two-hundred-ten liters of breath. Williams was subsequently charged with violations of R.C. 4511.19(A)(1) and 4511.19(A)(3), and an administrative license suspension ("ALS") was imposed pursuant to R.C. 4511.191.

{¶ 2} On December 13, Williams served notice that he was appealing the administrative license suspension. An ALS hearing was scheduled for December 16, but was continued until December 17. At the ALS appeal, Trooper Rutherford testified that he never actually saw who was driving the speeding car, and that Williams never admitted to being the driver. Provided with only Trooper Rutherford's testimony, the trial court found that there was no reasonable basis to stop or detain Williams and terminated the license suspension.

{¶ 3} On January 31, 1994, Williams filed his first motion to suppress, arguing that the trial court's judgment regarding the ALS appeal was *res judicata* on Williams's drunk-driving charges. At the motion hearing on February 10, Sergeant Scholl was present and testified that he did have the opportunity to observe the driver of the speeding car and identified him as Williams. Evidently, based on this new testimony the trial court found that the patrolmen did have reasonable grounds to stop Williams, and denied the motion to suppress.[1]

{¶ 4} Williams entered a no-contest plea at his trial on the drunk-driving charges. The prosecution presented both a LEEDS printout indicating that in 1989, Williams had been convicted for a drunk-driving offense and a journal entry showing that Williams had received counseling for this prior conviction. The trial

---

1. On May 19, 1994, Williams filed a second motion to suppress, arguing that the breath-alcohol test results should be suppressed because of an alleged violation of his right to counsel. The trial court considered the motion on May 24, and denied it as well.

court then imposed sentence for the violation of R.C. 4511.19(A)(1). The Fourth District Court of Appeals affirmed the conviction and sentence.

{¶ 5} This cause is now before this court upon the allowance of a discretionary appeal.

_____

*Garry E. Hunter*, Director of Law, and *George P. McCarthy*, Athens City Prosecutor, for appellee.

*John P. Lavelle*, for appellant.

*W. Andrew Hasselbach*, urging reversal for *amicus curiae*, Ohio Association of Criminal Defense Lawyers.

_____

**MOYER, C.J.**

{¶ 6} This case presents the court with the question of whether the doctrine of collateral estoppel precludes relitigating, in the criminal proceeding for a charge of drunk driving, an issue that was previously ruled on at the administrative-license-suspension hearing.

{¶ 7} This is one of three cases we decide today that require us to determine the constitutionality and application of R.C. 4511.191. For a discussion of the purpose of the 1993 amendments to R.C. 4511.191, see *State v. Gustafson*. Under the new law, an arresting officer, acting on behalf of the Registrar of Motor Vehicles ("BMV"), is required to immediately seize the license of a driver under arrest for drunk driving who either "refuses to submit to the designated chemical test [of blood, breath or urine] or * * * submits to the designated chemical test and [fails by testing over the statutory limits]." R.C. 4511.191 (D)(1). An administrative license suspension may range in duration from ninety days for an arrestee who fails a chemical test and has not been convicted within the preceding five years of a violation of R.C. 4511.19 (R.C. 4511.191[F][1]) to five years for an arrestee who has refused three or more previous chemical tests within the preceding

five years, R.C. 4511.191(E)(1)(d). The ALS remains in effect at least until the arrestee's initial appearance on the drunk-driving charge, which must be held within five days of the arrest. R.C. 4511.191(G)(2).

{¶ 8} Pursuant to R.C. 4511.191(H)(1), the arrestee may appeal the administrative license suspension at the initial appearance for the underlying drunk-driving charge. Specifically, R.C. 4511.191(H)(1) provided:

"If the person appeals the suspension at his initial appearance, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:

"(a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * while under the influence * * * or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest;

"(b) Whether the law enforcement officer requested the arrested person to submit to the chemical test * * *;

"(c) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test;

"(d) Whichever of the following is applicable:

"(i) Whether the arrested person refused to submit to the chemical test requested by the officer;

"(ii) Whether the chemical test results indicate that [the arrestee's blood, breath, or urine contain alcohol in excess of the statutory limits]." R.C. 4511.191(H)(1)(a) through (d).

{¶ 9} While the court may grant a continuance to either the arrestee or the BMV, the continuance neither stays the ALS nor delays the initial appearance for the underlying drunk-driving charge. R.C. 4511.191(H)(1).

{¶ 10} At this appeal, the BMV is generally represented by the prosecuting attorney. R.C. 4511.191(H)(2). Although the burden is on the person who appeals

the suspension to prove by a preponderance of the evidence that at least one of the specified conditions has not been met, notice is not required to be given as to the specific condition(s) being challenged in the appeal. *Id.* If the court determines that at least one of these conditions has not been met, the judge is required to terminate the ALS.

**{¶ 11}** Williams argues that the doctrine of collateral estoppel should apply to prevent the trial court from denying his first motion to suppress. Williams contends that since the court decided during his ALS appeal hearing that Trooper Rutherford and Sergeant Scholl lacked reasonable grounds to stop him, the trial court should be bound by this determination and should have granted his motion to suppress the use of his chemical test results in his criminal drunk-driving trial. We disagree.

**{¶ 12}** The doctrine of collateral estoppel, or, more correctly, issue preclusion, precludes further action on an identical issue that has been actually litigated and determined by a valid and final judgment as part of a prior action among the same parties or those in privity with those parties. *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74, 6 O.O.3d 274, 276, 369 N.E.2d 776, 777; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978, paragraph one of the syllabus.

**{¶ 13}** It cannot be disputed that R.C. 4511.191(H)(1)(a) through (d) provide the opportunity for the actual litigation of the ALS appeal. Both the BMV and the arrestee may call witnesses, examine and cross-examine these witnesses, and present other relevant evidence bearing on the specified conditions. In addition, both parties, as well as the court on its own initiative, may request continuances to facilitate the litigation of the ALS appeal. We conclude that in the limited context of an appeal of the administrative license suspension, the issues are actually litigated and the first threshold requirement of issue preclusion is met.

**{¶ 14}** The next factor to consider in deciding whether issue preclusion applies depends on whether the issues raised in an ALS appeal are determined by a valid and final judgment. We have held that the decision of a lower court regarding an administrative license suspension is not a final appealable order. *Columbus v. Adams* (1984), 10 Ohio St.3d 57, 10 OBR 348, 461 N.E.2d 887. However, *Adams* involved R.C. 4511.191 as it existed prior to the 1993 revisions. More significantly, *Adams* relied on the test for determining a final appealable order as established in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 456. However in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 107, 616 N.E.2d 213, 218, we established a new test for identifying a final appealable order.

**{¶ 15}** R.C. 2505.02 defines a "final order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, *an order that affects a substantial right made in a special proceeding* or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial ***." (Emphasis added.)

**{¶ 16}** Unquestionably, the suspension of the use and possession of a driver's license affects a substantial property interest. *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 16 O.O.3d 350, 405 N.E.2d 714; *Dixon v. Love* (1977), 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172; *Bell v. Burson* (1971), 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. For purposes of determining whether a court has issued a final appealable order, the putting in jeopardy of this property interest implicates a substantial right. *Bell*, 402 U.S. at 539, 91 S.Ct. at 1589, 29 L.Ed.2d at 94 (Although a driver's license may be considered a privilege, the right to due process limits the state's power "to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.'" [Citations omitted.]). Therefore, the only question remaining is whether the procedures in R.C. 4511.191(H) constitute a "special proceeding" under the *Polikoff* test. Because the appeal of an administrative license

suspension is not an action recognized at common law, but rather specially created by statute, a lower court's determination of an ALS appeal is an order entered in a special proceeding and is final pursuant to R.C. 2505.02. *Polikoff*, 67 Ohio St.3d at 107, 616 N.E.2d at 218.

{¶ 17} The final threshold requirement of issue preclusion is mutuality of, or privity between, the parties in the prior and subsequent actions. Thus, for issue preclusion to apply, the parties involved in the administrative-license-suspension appeal must be the same or in privity with the parties involved in the criminal proceeding on the drunk-driving charge. The state argues essentially that privity does not exist between the parties because it is the BMV whose interest is represented at the ALS appeal and it is the state whose interest is represented at the criminal proceeding. We find this argument to be unpersuasive. The state acts through its various agencies and entities, and the Bureau of Motor Vehicles is an agency of the state. We conclude that the state of Ohio is the real party in interest in both proceedings and the requirement of privity as an element of issue preclusion is satisfied.

{¶ 18} We must next determine whether any of the recognized exceptions to the general rule of issue preclusion apply to the case at bar. Specifically, 1 Restatement of the Law 2d, Judgments (1980) 273-274, Section 28, states:

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

"***

"(3) A new determination of the issue is warranted *by differences in the quality or extensiveness of the procedures followed in the two courts ***;*

"***; or

"(5) *There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest* or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) *because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action*." (Emphasis added.)

{¶ 19} This court has previously recognized such exceptions to the principles of issue preclusion when we held that preclusion applies "unless [a party] lacked *full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify according him an opportunity to relitigate that issue*." (Emphasis added.) *Hicks*, 52 Ohio St.2d at 74, 6 O.O.3d at 276, 369 N.E.2d at 778, citing Restatement of the Law 2d, Judgments (Tent. Draft No. 4 [1977]), Section 68, at page 1, and (Tent. Draft No. 2 [1975]), Section 88, at pages 89-90. In finding an exception to the general rule of issue preclusion, we observe several factors.

{¶ 20} First, administrative-license-suspension proceedings under R.C. 4511.191 are civil and administrative in nature. As such, this court has held that these proceedings are independent of any criminal proceeding pursuant to other statues or ordinances. *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435; *State v. Starnes* (1970), 21 Ohio St.2d 38, 50 O.O.2d 84, 254 N.E.2d 675. Moreover, the differences between an ALS appeal and a suppression hearing in the criminal proceeding for drunk driving also weigh against applying issue preclusion in this context. Analysis of the procedures underlying an ALS appeal demonstrates a somewhat limited proceeding designed for the speedy determination of an individual driver's license suspension. The appeal, which is in actuality a post-deprivation hearing afforded to satisfy the requirements of due process, is informal, and the procedures are substantially less stringent than the procedures used in the

8

criminal proceedings on the drunk-driving charge. For example, an ALS appeal may be instituted within five days of the driver's arrest, and made by oral motion with no specific pleading addressing with particularity the challenged issues. Cf. Crim.R. 47. As such, the ALS appeal procedures are inappropriate to the determination of the same issues when presented in a subsequent criminal proceeding on the drunk-driving charge.

{¶ 21} Most compelling, however, is the adverse impact on public safety that would result from allowing issue preclusion to prevent the relitigation in the criminal proceedings of issues determined in the administrative-license-suspension appeal. If such preclusive effect were allowed, successful challenges at the ALS appeal to the reasonableness of the stop would frequently, if not always, result in dismissal of the drunk-driving charge. Consequently, the state would likely be forced to treat the ALS appeal as an initial and essential part of the criminal trial on the drunk-driving charge, and thus defeat the General Assembly's intent to provide a swift administrative review of a driver's license suspension.

{¶ 22} Accordingly, we hold that the doctrine of issue preclusion does not preclude the relitigation in a criminal proceeding of an issue that was previously determined at an administrative-license-suspension hearing.

{¶ 23} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, PATTON, RESNICK, F.E. SWEENEY, KARPINSKI and COOK, JJ., concur.

JOHN T. PATTON, J., of the Eighth Appellate District, sitting for WRIGHT, J.

DIANE KARPINSKI, J., of the Eighth Appellate District, sitting for PFEIFER, J.

_____