Michael Clark appeals his conviction for possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) (C)(1)(a). Clark asserts that the Washington County Common Pleas Court erred in dismissing his Motion to Suppress on the grounds of collateral estoppel. The State of Ohio concedes that the doctrine of collateral estoppel does not apply to prevent relitigating a Motion to Suppress in a separate criminal case arising from the same facts. We agree because this court has consistently held that the doctrine of collateral estoppel does not apply to bar a second motion to suppress because the ruling on the first motion was not a final appealable order. SeeState v. Roberts (May 4, 1995), Ross App. No. 93 CA 2020, unreported and State v. Chelikowsky (Aug. 18, 1992), Pickaway App. No. 91 CA 27, unreported. See, also, generally, State v.Williams (1996), 76 Ohio St.3d 290.
Therefore, we find that the trial court erred in overruling appellant's Motion to Suppress Evidence without a hearing based on the doctrine of collateral estoppel. Accordingly, we remand this case to the trial court for a hearing on appellant's Motion to Suppress Evidence and for further proceedings consistent with this court's opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Entry
For the Court
 BY: __________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.