Defendant-appellant, Jason Gorin, appeals an order of the Akron Municipal Court that denied his appeal from an administrative license suspension. Because Defendant's assignments of error have been rendered moot, this appeal is dismissed.
On November 11, 1998, Defendant was cited for improperly driving in marked lanes in violation of R.C. 4511.33. While conducting the traffic stop, the investigating officer conducted field sobriety tests and transported Defendant to the police station to administer a BAC test. This test indicated that Defendant's blood alcohol content was .165 grams of alcohol per 210 liters of breath. After the officer obtained these test results, Defendant was also cited for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3). Defendant was placed under administrative license suspension (ALS) pursuant to R.C. 4511.191(F).
On November 20, 1998, Defendant pleaded not guilty to all charges. On November 25, 1998, Defendant gave notice to the trial court of his appeal of the ALS and waived his right to a hearing within five days. The ALS was stayed pending a hearing on the merits of Defendant's appeal. After conducting a hearing on January 19, 1999, the trial court dismissed the appeal. Defendant timely appealed to this court. He has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred when it overruled Defendant's motion to terminate the administrative license suspension concluding that a hearing was held within the five-day period.
ASSIGNMENT OF ERROR II
 The trial court erred when it overruled Defendant's motion to terminate the administrative license suspension ("ALS"), concluding that the ALS notification stated reasonable grounds for Defendant's arrest.
In his first assignment of error, Defendant has argued that the trial court was required to conduct a hearing on his ALS appeal within five days of receiving notice that an appeal would be taken. In the second assignment of error, Defendant has maintained that the trial court incorrectly denied his ALS appeal by concluding that reasonable grounds existed for his arrest.
An administrative license suspension terminates when the defendant is convicted of the underlying offense following a guilty plea. State v. Uskert (1999), 85 Ohio St.3d 593, 596; R.C.4511.191(H)(2). This appeal was taken as an interlocutory appeal rather than an appeal from final judgment. See State v. Williams
(1996), 76 Ohio St.3d 290, paragraph two of the syllabus. Defendant conceded during oral argument that he pleaded guilty to the underlying offenses after his appeal was dismissed by the trial court. Accordingly, Defendant's guilty plea terminated the administrative license suspension and rendered this appeal moot.
Defendant's assignments of error are moot. This appeal is dismissed.
Appeal dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 LYNN C. SLABY FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR