This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the village of Grafton ("Grafton"), has appealed a judgment of the Elyria Municipal Court which terminated Appellee's administrative license suspension ("ALS"). This Court affirms.
Appellee, Brian G. Huffman, was arrested for driving under the influence ("DUI"), in violation of R.C. 4511.19. Huffman refused to submit to a chemical test to determine his blood-alcohol content, and pursuant to R.C. 4511.191(G)(1), his driving privileges were immediately suspended. Huffman tendered a not guilty plea, and filed a motion to suppress the evidence on the basis that there was no reasonable and articulable suspicion for the officer to stop Huffman, and no probable cause to arrest him for DUI. Finding that the arresting officer did not have "a reasonable and articulate suspicion of criminal activity to justify a stop of [Huffman's] vehicle[,]" the trial court granted Huffman's motion to suppress, dismissed the DUI charge, and terminated the ALS.
Grafton has timely appealed the trial court's dismissal of Huffman's ALS, and has asserted three assignments of error which challenge the trial court's authority to sua sponte terminate an ALS. Grafton has contended that a trial court can only terminate an ALS if the licensee/defendant appeals the ALS, and successfully proves that one of the four enumerated factors under R.C. 4511.191(H)(1) have not been met. However, this Court is precluded from addressing the issue of whether a trial court has the authority to sua sponte terminate an ALS, as the record before us indicates that Huffman did appeal his ALS.
The trial court's judgment entry reads: "DEFENDANT'S APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION HAS BEEN GRANTED IN THAT THE APPELLANT PROVED THAT THE REGISTRAR COMMITTED ERROR AS FOLLOWS: THE OFFICER DID NOT HAVE REASONABLE GROUND TO STOP OR DETAIN THE APPELLANT." Grafton has asserted that Huffman did not appeal his ALS despite the trial court's language to the contrary. Huffman has been careful not to concede this fact on appeal. In support of its contention that the trial court suasponte terminated the ALS, Grafton has stated that "the record is void of any appeal, either written or oral, made by [Huffman] or his Attorney, either at his initial appearance or anytime thereafter." However, Grafton has not provided this Court with a transcript of proceedings or a statement of the proceedings pursuant to App.R. 9(C) or (D), from Huffman's initial appearance. This omission is critical to the present appeal because a licensee/defendant may appeal an ALS by oral motion at the person's initial appearance on the charge resulting from the arrest. R.C. 4511.191(H)(1); State v. Williams (1996), 76 Ohio St.3d 290, 293. Because the trial court's journal entry states that Huffman did appeal his ALS, and without evidence to the contrary from Huffman's initial appearance, this Court must presume that the record is correct, i.e., that Huffman appealed his ALS.
This Court expresses no opinion as to whether the trial court applied the proper standard in determining Huffman's ALS appeal; Grafton has not assigned as error the trial court's application of the "reasonable articulable suspicion" standard to an ALS appeal under R.C.4511.191(H)(1)(a).
Each of Grafton's three assignments of error is overruled. The judgment of the municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
BAIRD, P.J. and CARR, J. concur.