OPINION
{¶ 1} This appeal is brought by the State of Ohio from the judgment of the Municipal Court of Crawford County granting the appeal of the administrative license suspension of David G. Bucher, II ("Bucher").
 {¶ 2} On October 18, 2002, Bucher was involved in a two car automobile accident in Holmes Township, Crawford County, Ohio. Bucher was not cited for the cause of the accident. Crawford County Deputy Sheriff Jim Davis was dispatched to the accident scene. Upon his arrival, Officer Davis saw Bucher seated inside his vehicle being treated for injuries. Bucher was shortly thereafter taken by gurney into an ambulance and transported to Bucyrus Community Hospital. Officer Davis stayed at the scene of the accident for approximately half an hour before he proceeded to Bucyrus Community Hospital.
 {¶ 3} While at the scene of the accident Officer Davis spoke with Rick Weaver, who was a passenger in the vehicle Bucher had been driving. Weaver informed Officer Davis that he and Bucher had just left the Horseshoe Bar where Weaver observed Bucher consume an Absolute Vodka, although Weaver was not questioned further regarding the amount of alcohol Bucher consumed that evening. Officer Davis then proceeded to Bucyrus Community Hospital where he did a follow-up investigation and interviewed Bucher. Officer Davis informed Bucher that he was under arrest for driving while under the influence of alcohol. Officer Davis read Bucher his Miranda rights and BMV Form 2255. Officer Davis asked Bucher to submit to a BAC test because he smelled an alcoholic beverage on Bucher. Bucher consented to giving a blood sample which reflected a BAC level of .107. During questioning by Officer Davis, Bucher admitted to having a couple of beers that evening.
 {¶ 4} On November 3, 2002, Bucher was given a citation for his violation of R.C. 4511.19(A) and notice of an administrative license suspension. Bucher entered his plea of not guilty on November 6, 2002. On November 19, 2002, Bucher filed an appeal of his administrative license suspension on the grounds that Officer Davis lacked reasonable grounds to believe Bucher was in violation of R.C. 4511.19. In addition, Bucher argued that he was not read the implied consent form or Officer Davis did not clearly and understandably explain the rights form and, therefore, Bucher was not fully advised of the consequences of positive test results or his refusal to take the test. A hearing on the appeal of the administrative license suspension was held on January 15, 2003, where Officer Davis was the sole witness. On February 14, 2003, the trial court terminated the administrative license suspension finding that Officer Davis did not have reasonable grounds to conclude Bucher was operating a motor vehicle while under the influence of alcohol. The court did not make any findings with regard to whether Bucher was read the implied consent form or was fully advised of the consequences of submitting to or refusing the BAC testing.
 {¶ 5} The State of Ohio now appeals the termination of the administrative license suspension asserting the following assignment of error.
The Municipal Court erred in granting the defendant/appellee's Appeal of the Administrative License Suspension as the officer had reasonable grounds to believe that the defendant/appellee was operating a motor vehicle while under the influence of alcohol.
 {¶ 6} This appeal comes before this court after we have decided a related appeal in State v. Bucher (Aug. 11, 2003), 3d Dist. No. 3-03-10,2003-Ohio-4256, 2003 WL 21904826. In this first case appealed by Bucher, the State appealed the trial court's judgment sustaining a motion to suppress by Bucher. Bucher sought to suppress the evidence obtained by Officer Davis for lack of probable cause to arrest Bucher. The trial court held a hearing on the motion on February 24, 2003, at which time the parties stipulated that the evidence presented at the proceeding would be the same as the evidence presented in the companion case CVH 0200969, the administrative license suspension appeal heard on January 15, 2003. The trial court reconsidered the evidence for the proceeding and sustained Bucher's motion to suppress on March 17, 2003. The court made the finding that Officer Davis did not have probable cause to arrest Bucher for driving under the influence of alcohol and incorporated the findings of the decision of the appeal of the administrative license suspension made on February 14, 2003. The State of Ohio appealed this finding by the trial court, asserting that Officer Davis had reasonable grounds to believe Bucher was operating a motor vehicle while under the influence of alcohol. We reversed the judgment of the trial court and remanded the cause for further proceedings in accordance with our opinion.
 {¶ 7} The appeal before us now deals with the same issue of whether Officer Davis had probable cause to believe Bucher was under the influence of alcohol when he requested Bucher to submit to blood testing. Since we already decided that issue in the State's appeal of the trial court's sustaining the motion to suppress and the same evidence we consider today was considered in that case, we adopt the holding of Bucher's first appeal. Accordingly, we proceed directly to whether the trial court erred in terminating the administrative license suspension.
 {¶ 8} Under R.C. 4511.191, "an arresting officer, acting on behalf of the Registrar of Motor Vehicles ("BMV"), is required to immediately seize the license of a driver under arrest for drunk driving who either `refuses to submit to the designated chemical test [of blood, breath or urine] or * * * submits to the designated chemical test and [fails by testing over the statutory limits].'" State v. Williams (1996),76 Ohio St.3d 290, 292, 667 N.E.2d 932; R.C. 4511.191(D)(1). The administrative license suspension placed on the arrestee remains in effect at least until the arrestee's initial appearance on the drunk-driving charge, which must be held within five days of the arrest. R.C. 4511.191(G)(2). Pursuant to R.C. 4511.191(H)(1), the arrestee may appeal the administrative license suspension at the initial appearance for the underlying drunk-driving charge.
"If the person appeals the suspension at his initial appearance, thescope of the appeal is limited to determining whether one or more of thefollowing conditions have not been met:
(a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * while under the influence of alcohol * * * or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest;
(b) Whether the law enforcement officer requested the arrested person to submit to the chemical test designated pursuant to division (A) of this section;
(c) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test;
(d) Whichever of the following is applicable:
(i) Whether the arrested person refused to submit to the chemical test requested by the officer;
(ii) Whether the chemical test results indicate that [the arrestee's blood, breath, or urine contain alcohol in excess of the statutory limits]."
Williams, supra, quoting R.C. 4511.191(H)(1) .
 {¶ 9} Bucher appealed the administrative license suspension on the basis that Officer Davis lacked reasonable grounds to believe Bucher was in violation of R.C. 4511.19 or a similar offense, that he was not read the implied consent form or Officer Davis did not clearly and understandably explain the rights form and thus Bucher was not fully advised of the consequences of positive test results or his refusal to submit to the test. Although Bucher appealed his administrative license suspension on these two grounds, the trial court only found that Officer Davis lacked reasonable grounds to conclude Bucher was operating a motor vehicle while under the influence of alcohol. Therefore, as the trial court's decision only reflects lack of reasonable grounds as its reason for terminating the administrative license suspension, we can only review those findings. Since we adopt the findings of Bucher's first appeal, we conclude that it was error for the trial court to terminate the administrative license suspension for lack of reasonable grounds to believe Bucher was operating a vehicle while under the influence of alcohol. Therefore, the State's assignment of error is sustained and the judgment of the Municipal Court of Crawford County is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
SHAW and CUPP, JJ., concur.