[Cite as *State v. Harrison*, 2010-Ohio-2746.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 187 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIAM HARRISON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case Nos. 02 CR 918; 03 CR 182

JUDGMENT:        Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee:        Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:        Atty. Timothy Young
Ohio Public Defender
Atty. Jeremy J. Masters
Assistant State Public Defender
The Midland Building
250 East Broad Street, 14th Floor
Columbus, Ohio 43215

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 8, 2010

WAITE, J.

{¶1} In this delayed appeal, Appellant, William Harrison, asserts that his fourteen year sentence for thirty-four counts of burglary in Case. No. 03 CR 182, in violation of R.C. 2911.12(A)(2)(C), felonies of the second degree, and his one year sentence for one count of burglary in Case No. 02 CR 918, in violation of R.C. 2911.12(A)(3)(C), a felony of the third degree, are void as a matter of law.

{¶2} Appellant was sentenced to seven year terms of imprisonment on each of the burglary charges in counts one through eight in Case No. 03 CR 182, to be served concurrently, and seven year terms of imprisonment on each of the burglary charges in counts nine through thirty-four, to be served concurrently with one another but consecutively with the seven year prison terms handed down in counts one through seven. Appellant's one year sentence in Case No. 02 CR 918 was to be served consecutively to the fourteen year sentence in Case No. 03 CR 182.

{¶3} Appellant entered a plea of guilty to the burglary charges in both cases on November 17, 2003, and his sentencing hearing was held on February 25, 2004. The trial court did not address the issue of postrelease control at the sentencing hearing. The judgment entries, dated March 2, 2004, read, in pertinent part, "[d]efendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08." (3/2/04 J.E.s at p. 2.)

{¶4} Appellant asserts that the trial court did not correctly inform him of the nature and duration of postrelease control in the judgment entries, and, as a consequence, the fifteen-year sentence is void. The state has confessed judgment

in this appeal, and concedes that both cases must be remanded for a de novo sentencing hearing pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. Accordingly, the judgment of the trial court is hereby reversed and this matter is remanded for further proceedings.

<u>ASSIGNMENT OF ERROR</u>

**{¶5}** "The trial court erred by omitting the necessary notification of postrelease control from Mr. Harrison's sentencing entries, rendering Mr. Harrison's sentences void. (March 2, 2004 Judgment Entry, Case No. 02 CR 918; March 2, 2004 Judgment Entry, Case No. 03 CR 182)."

**{¶6}** R.C. 2967.28(B) requires a sentencing court imposing a prison term on a second-degree felony offender to include in the sentence a term of mandatory postrelease control to be imposed by the parole board on the offender's release from prison. For a second-degree felony, the postrelease control period is three years. R.C. 2967.28(B)(2). In addition, R.C. 2929.19 mandates that a court, when imposing sentence, notify the offender at the hearing that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of postrelease control. R.C. 2929.19(B)(3)(c) and (e).

**{¶7}** When sentencing a felony offender, the trial court must notify the offender at the sentencing hearing about postrelease control and must incorporate that notice into its journal entry imposing sentence. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. "For criminal

sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio." *Singleton*, supra, paragraph one of the syllabus.

**{¶8}** Appellant's sentences in this case were imposed on March 2, 2004, and the nature and duration of postrelease control were not addressed at the sentencing hearing or in the judgment entries. Accordingly, Appellant's sole assignment of error is sustained, and this matter is remanded for a de novo sentencing hearing.

Donofrio, J., concurs.

Vukovich, P.J., concurs.