[Cite as *State v. Harding*, 2014-Ohio-884.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 131 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| WAYNE HARDING, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:              Criminal Appeal from County Court No.
                                       4, Case No. 13TRC3645.


JUDGMENT:                              Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:                Attorney Paul Gains
                                       Prosecuting Attorney
                                       Attorney Ralph Rivera
                                       Assistant Prosecuting Attorney
                                       21 West Boardman Street, 6th Floor
                                       Youngstown, Ohio  44503


For Defendant-Appellant:               Attorney Scott Cochran
                                       19 East Front Street
                                       Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  March 6, 2014

VUKOVICH, J.

**{¶1}** Defendant-appellant Wayne Harding appeals the decision of County Court No. 4 denying the appeal of his administrative license suspension. He points out that the only evidence before the trial court at the ALS hearing was BMV Form 2255 and urges that it does not contain reasonable grounds to believe he was operating a vehicle while intoxicated as it lists some indicia of consumption but no indicia of impairment. The state has confessed judgment on appeal and agrees that the trial court improperly denied the ALS appeal. For the following reasons, the judgment of the trial court denying appellant's ALS appeal is reversed, and this case is remanded for the trial court to complete the appropriate forms regarding an overturned administrative license suspension.

STATEMENT OF THE CASE

**{¶2}** On June 8, 2013, a police officer in Austintown completed BMV Form 2255 in order to issue an administrative license suspension to appellant for refusing an alcohol test. The officer listed his reasonable grounds for the OVI arrest as a strong odor of an alcoholic beverage on breath, bloodshot/watery eyes, and an admission of drinking. On the day of his initial appearance, appellant filed a timely ALS appeal. He mainly argued a lack of reasonable grounds to arrest for OVI.

**{¶3}** At the ALS hearing, the court asked the state if it was ready to proceed, and the state presented BMV Form 2255 and then rested.[1] (Tr. 3). Defense counsel then asked to review the form and decided that they would not be calling any witnesses as their arguments would be focused on the content of the form itself. (Tr. 3-4). Defense counsel noted that the statute requires the form to describe the reasonable grounds to believe the person was operating or in physical control while under the influence, urging that evidence of consumption and driving alone do not constitute sufficient reasonable grounds of intoxication as there must be evidence of impairment as well. (Tr. 4-5).

---

[1] The state did not call the officer to testify. The officer was subpoenaed to attend, and it seems the officer did attend the hearing. (Tr. 6).

**{¶4}** On July 17, 2013, the trial court denied the ALS appeal, thus maintaining the ALS suspension. From that final appealable order, appellant filed a timely notice of appeal in this court. *See State v. Williams*, 76 Ohio St.3d 290, 294-295, 667 N.E.2d 932 (1996) (trial court's denial of ALS appeal is entered in a special proceeding, affects a substantial right, and is final under R.C. 2505.02(B)(2)).

ALS STATUTES

**{¶5}** A person who is arrested for OVI or physical control is deemed to have given consent for chemical tests to determine alcohol content. R.C. 4511.191(A)(2). After a person so arrested refuses a request for testing, the officer shall seize the driver's license and forward it to the registrar. R.C. 4511.192(D)(1)(b). The officer shall send to the registrar a sworn report that states the reasonable grounds to believe that at the time of arrest, the person was operating a vehicle in violation of the pertinent statutes. R.C. 4511.192(D)(1)(d)(i). *See also* R.C. 4511.192(E) (report shall also be provided to arrestee). Upon receipt of that sworn report, known as BMV Form 2255, the registrar shall enter the suspension into the records. R.C. 4511.191(B)(1).

**{¶6}** A person may appeal this suspension at his initial appearance or within thirty days thereafter. R.C. 4511.197(A). The scope of that appeal is limited to certain statutory questions. R.C. 4511.197(C)(1)-(4). The question at issue here is whether the officer had reasonable grounds to believe the arrestee was operating a vehicle while under the influence. *See* R.C. 4511.197(C)(1). *See also* R.C. 4511.19 (A)(1).

**{¶7}** The sworn report of the officer is prima facie proof of the information and statements it contains in any ALS appeal relative to the suspension that results from the arrest covered by the report. R.C. 4511.192(F). The ALS appellant has the burden of proving by a preponderance of the evidence that a condition in (C)(1)-(4) has not been met. R.C. 4511.197(D). If the judge determines the absence of a required condition, the suspension shall be terminated. R.C. 4511.197(D), (H) (with notice to registrar on proper form that license shall be returned, and court is to grant 10 day permit in the meantime).

## ASSIGNMENT OF ERROR NUMBER

{¶8} Appellant's sole assignment of error provides:

{¶9} "THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDING THAT THE OFFICER HAD REASONABLE GROUNDS TO BELIEVE THE APPELLANT WAS OPERATING A VEHICLE IN VIOLATION OF DIVISION (A) OR (B) OF SECTION 4511.19 OF THE REVISED CODE."

{¶10} Appellant urges that BMV Form 2255, which was the only evidence presented at the ALS hearing, does not list sufficient reasonable grounds for believing he was violating the OVI statute. He points out that where the form asks the officer to list the reasonable grounds, the officer failed to indicate impaired driving, lack of coordination, or any other suggestion of physical impairment to go along with the indicators of alcohol consumption that were listed. He emphasizes that the mere act of driving after drinking is not illegal in Ohio.

{¶11} If appellee fails to file an appellee's brief, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action. App.R. 18(C). Here, the state not only refrained from filing a brief but filed a "confession of judgment" wherein the state confessed judgment in favor of appellant and admitted that the trial court improperly denied the ALS appeal. (Oct. 9, 2013 Confession of Judgment).

{¶12} When the prosecutor's office files a confession of judgment, as should be encouraged when warranted, we typically proceed through some legal analysis on the issue without equating the confession of judgment with an absolute right of reversal. *See, e.g., State v. Harrison*, 7th Dist. No. 09MA187, 2010-Ohio-2746; *State v. Kowal*, 7th Dist. No. 09MA72, 2009-Ohio-6402. Yet, an ALS appeal is considered civil in nature. *Williams*, 76 Ohio St.3d at 296. The prosecutor is representing the registrar in the appeal. R.C. 4511.197(G). As the BMV is an agency of the state, the prosecutor remains the state's representative. *Williams*, 76 Ohio St.3d at 294-296. However, the representation is akin to representing a civil plaintiff, and the confession of judgment in such case approaches the domain of a civil settlement.

{¶13} As aforementioned, the sworn BMV Form 2255 is proper and prima facie evidence at the ALS hearing.  R.C. 4511.192(F).  Although the driver has the burden to show the absence of reasonable grounds under R.C. 4511.197(D), the state has the prima facie burden which would not even shift if the BMV form is inadequate and no testimony from the officer was presented.  *Triguba v. Registrar, BMV*, 10th Dist. No. 95APG11-1416 (June 27, 1966).  At the very least, after a form is presented which shows that the reasonable grounds listed by the officer were not sufficient, the burden would shift to the state to present evidence regarding any additional reasons for the belief that the arrestee was operating while intoxicated.

{¶14} Here, the state presented nothing to the trial court besides the form, even though the officer seemed to be present at the hearing and even though the defendant contested the sufficiency of the content of that form.  *See also Williams*, 76 Ohio St.3d 290, 296 (motion need not state grounds for appeal with particularity).  The form shows that the time of violation was 11 p.m. and that appellant was being arrested for OVI rather than physical control.  The form then states that the officer's reasonable grounds for the arrest were a strong odor of an alcoholic beverage on breath, bloodshot/watery eyes, and an admission of drinking.  There is no indication in the form as to whether an amount consumed was suggested.  And, there is no statement as to what point in time the officer noticed the listed items.

{¶15} Most importantly, the form mentioned nothing about an observed traffic infraction involving erratic or improper driving, impaired physical coordination, overly deliberate movements, speech issues, unusual or suspicious behavior or statements, nervousness, problems retrieving documents, confusion, or similar indicia of intoxication.  *See State v. Derov*, 7th Dist. No. 07MA71, 2009-Ohio-5513, ¶ 15 (after Supreme Court remand, this court found no reasonable suspicion for field sobriety testing based on red glassy eyes and a strong smell of alcohol from person at 2:30 a.m. with no evidence of erratic driving, signs of physical impairment, and it was unclear as to when the defendant admitted alcohol consumption); *State v. Reed*, 7th Dist. No. 05BE31, 2006-Ohio-7075, ¶ 2-3, 13 (where defendant stopped for loud exhaust and window tint, there was no justification for field sobriety testing based

upon slight odor of alcohol, red and glassy eyes, time of 2:20 a.m., and admission to drinking two beers), citing *State v. Dixon*, 2d Dist. No. 2000-CA-30 (Dec. 1, 2000) (no reasonable suspicion for field sobriety tests based upon time of 2:20 a.m., glassy and bloodshot eyes, odor of alcohol about the person, and admission to consuming two beers without a correlation to a level of intoxication that would impair driving ability).

**{¶16}** "Perhaps one day it will be illegal to drink and drive. That is not the present state of the law, however." *Dixon*, 2d Dist. No. 2000-CA-30. In other words, alcohol consumption is not tantamount to being under the influence of alcohol (or driving with a prohibited concentration).

**{¶17}** The case before us deals with a statutory standard for imposing an ALS upon refusal to participate in testing, which standard entails "reasonable grounds to believe" that at the time of the arrest, the arrested person was operating a vehicle in violation of R.C. 4511.19. *See* R.C. 4511.192(D)(1)(d)(i). This reasonable grounds test is more akin to probable cause for an arrest than to mere reasonable suspicion to investigate. *See State v. Gustafson* (1996), 76 Ohio St.3d 425, 439, 668 N.E.2d 435 ("the implied consent statute authorizes a police officer to ask a driver to undergo a chemical test for alcohol only where the officer has first determined that probable cause exists for arrest for the offense of driving while intoxicated."). A probable cause evaluation determines whether the officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was OVI. *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000) (consider the totality of the facts and circumstances, which included erratic driving).

**{¶18}** In sum, we conclude the form contained insufficient reasonable grounds to believe the arrested person was operating a vehicle while under the influence of alcohol. *See* R.C. 4511.192(D)(1)(d)(i). There was no apparent reason for the state to rely wholly on the form, especially after the defendant argued that it contained insufficient reasonable grounds. The confession of judgment combined with the minimal information in the BMV Form 2255 and the limited nature of the hearing and

evidence presented establishes appellant was entitled to have his ALS suspension terminated.

**{¶19}** For the foregoing reasons, the judgment of the trial court denying appellant's ALS appeal is reversed, and this case is remanded for the trial court to complete the appropriate forms regarding an overturned administrative license suspension.  *See* R.C. 4511.197 (D), (H).

Donofrio, J., concurs.
Waite, J., concurs.