DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} On April 22, 2006, a Medina Township Police Officer issued defendant Stephanie Makoroff a citation for operating a motor vehicle while intoxicated. At that same time, the officer imposed an administrative license suspension upon her for allegedly refusing to submit to a urine test. On June 23, 2006, a magistrate completed and filed an "ALS Court Disposition Notification" form that indicated that Ms. Makoroff s appeal of the administrative license suspension had been denied "for failure to show error." Ms. Makoroff moved the trial court to vacate the "ALS Court Disposition Notification" form, arguing that it had been entered as a result of "clerical mistake." The trial court denied Ms. *Page 2 
Makoroff s motion to vacate, and she filed a notice of appeal to this Court. Her single assignment of error is that the trial court incorrectly denied her motion to vacate. This Court dismisses Ms. Makoroff s attempted appeal, because the trial court's denial of her motion to vacate was not a final, appealable order.
 I. {¶ 2} As mentioned above, a Medina Township Police Officer issued Ms. Makoroff a citation for operating a motor vehicle while intoxicated. The prosecutor eventually recommended that the charge against Ms. Makoroff be dismissed because, according to him, the State would not be able to prove that she had operated the vehicle after becoming intoxicated. This attempted appeal involves Ms. Makoroff s separate administrative license suspension.
 {¶ 3} At her initial appearance, Ms. Makoroff orally appealed her license suspension. The court set a hearing on her appeal for May 22, 2006. According to a statement of proceedings filed with this Court under Rule 9(C) of the Ohio Rules of Appellate Procedure, "[n]o action was taken on Stephanie J. Makoroff s Administrative License Suspension Appeal in Medina Municipal Court, Case No. 06TRC03741 on May 22, 2006, at 2:30 p.m "Rather, again according to the
Rule 9(C) statement, Ms. Makoroff s lawyer "pre-tried" the operating a motor vehicle while intoxicated charge and the administrative license suspension appeal with the prosecutor on May 22, 2006, at 2:30 p.m. Finally, according to the Rule 9(C) statement, the magistrate was not advised of any agreement between Ms. *Page 3 
Makoroff and the prosecutor to continue the hearing on Ms. Makoroff s administrative license suspension appeal.
 {¶ 4} Section 4511.19.7(D) of the Ohio Revised Code requires a judge or magistrate, when he or she disposes of an administrative license suspension appeal, to submit a form to the registrar of motor vehicles informing the registrar of that disposition. On June 23, 2006, a Medina Municipal Court Magistrate completed an ALS Court Disposition Notification form and entered it in the record of this case. On that form, the magistrate checked a box that indicated that "[t]he appellant's appeal was denied for failure to show error." The record does not indicate whether the magistrate also submitted a copy of the form to the registrar.
 {¶ 5} On July 24, 2006, Ms. Makoroff moved the trial court to vacate the ALS Court Disposition Notification form, arguing that it was "a clerical mistake." The trial court treated the notification form as a magistrate's decision and held that the only way to challenge a magistrate's decision is by objecting to it within 14 days after it is filed. Since no objection had been filed within 14 days after the notification form was filed, the trial court denied Ms. Makoroff s motion to vacate.
 II. {¶ 6} Ms. Makoroff s sole assignment of error is that the trial court incorrectly denied her motion to vacate. She has argued that the trial court should not have treated the ALS Court Disposition Notification form as a magistrate's *Page 4 
decision because it was not identified as a "magistrate's decision" in its caption as required by Rule 19(D)(3)(a)(iii) of the Ohio Rules of Criminal Procedure.
 {¶ 7} There are two flaws with Ms. Makoroff s argument. First, she has cited and relied upon the current version of Rule 19 of the Ohio Rules of Criminal Procedure, which did not become effective until July 1, 2006, eight days after the magistrate filed the ALS Court Disposition Notification form. Second, an appeal of an administrative license suspension is a civil proceeding. State v. Williams, 76 Ohio St. 3d 290,296 (1996). Neither version of Rule 19 of the Ohio Rules of Criminal Procedure, therefore, applied to Ms. Makoroff s license suspension appeal.
 {¶ 8} While the current version of Rule 53(D)(3)(a)(iii) of the Ohio Rules of Civil Procedure provides that a "magistrate's decision" shall be "identified as a magistrate's decision in the caption," the version of that rule that was in effect on June 23, 2006, at subparagraph (E)(1), only required that the magistrate "prepare, sign, and file a magistrate's decision." Under that version of the applicable rule, therefore, the fact that the ALS Court Disposition Notification form was not identified as a "magistrate's decision" did not necessarily disqualify it from being one.
 {¶ 9} In her motion to vacate the "magistrate's decision," Ms. Makoroff asserted that she was entitled to relief under Rule 36 of the Ohio Rules of Criminal Procedure. As already noted, however, an administrative license suspension *Page 5 
appeal is a civil proceeding. Rule 36 of the Ohio Rules of Criminal Procedure, therefore, was not applicable. Rule 60(A) of the Ohio Rules of Civil Procedure provides for the correction of clerical mistakes in "judgments, orders or other parts of the record" in civil cases "by the court at any time on its own initiative or on the motion of any party "Ms. Makoroffs motion, therefore, in substance, was a Rule 60(A) motion to correct a clerical mistake. The issue presented by Ms. Makoroffs attempted appeal, therefore, is whether she was entitled to relief from the trial court under Rule 60(A).
 {¶ 10} Before this Court can determine whether Ms. Makoroff was entitled to relief from the trial court under Rule 60(A), however, it is necessary for it to determine whether the trial court's order denying that relief was a final, appealable order. Article IV Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final orders. An order is final under Section 2505.02(B)(1) of the Ohio Revised Code if it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 11} The former version of Rule 53 of the Ohio Rules of Civil Procedure, at subparagraph (E)(4)(a), provided that a "magistrate's decision" was not effective until it was adopted by the trial court. The current rule, at subparagraph (D)(4)(a), provides that a "magistrate's decision" is not effective "unless adopted by the trial court." Assuming that the ALS Court Disposition Notification form *Page 6 
was a "magistrate's decision," therefore, it would not have been effective until it was adopted by the trial court. Neither the filing of the ALS Court Disposition Notification form nor the trial court's refusal to vacate it, therefore, disposed of Ms. Makoroff's administrative license suspension appeal, which is still pending before the trial court. The trial court's order denying her motion to vacate the ALS Court Disposition Notification form did not determine the action and prevent a judgment and, therefore, was not a final, appealable order. This Court must dismiss Ms. Makoroff's attempted appeal.
 III. {¶ 12} The order from which Ms. Makoroff has attempted to appeal is not a final, appealable order. Accordingly, her attempted appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 7 
WHITMORE, P. J., CONCURS
 MOORE, J., CONCURS IN JUDGMENT ONLY *Page 1