DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, the City of Tallmadge, appeals an order of the Cuyahoga Falls Municipal Court that granted the motion of Defendant-Appellee, Lindsay Barker, to suppress evidence. Because this Court does not have jurisdiction as provided by Section 3(B)(2), ArticleIV of the Ohio Constitution, Crim.R. 12(K) and R.C. 2945.67, we dismiss this appeal.
 {¶ 2} On August 19, 2007, Brimfield Township police officer William Reese happened upon the scene of a one-car automobile accident in Portage County. His investigation led him to a residence in the City of Tallmadge, located *Page 2 
in Summit County. Sergeant Reese entered the residence with the consent of its owner, who awakened her two sons for questioning. While Sergeant Reese discussed the accident with the young men at the kitchen table, he saw a confrontation between a young female and several young males through a sliding glass door. The female, who was later identified as Defendant, entered the residence. Sergeant Reese detected the odor of alcohol on her person and noted that her eyes appeared bloodshot and her speech seemed labored. He was also informed by another individual at the scene that Defendant had pulled her car into the driveway, barely avoiding a collision with his police cruiser, and that she had driven a juvenile home from a party in Kent, Ohio. Sergeant Reese administered a horizontal gaze nystagmus (HGN) test and a breath-alcohol content test.
 {¶ 3} Tallmadge police officers joined in the investigation. Within approximately one hour, Tallmadge police Lieutenant Ron Williams spoke with Defendant at her home. He "noticed her eyes were watery and bloodshot" and "notice[d] an odor of alcoholic beverage on her." Lieutenant Williams also performed a second HGN test and placed Defendant under arrest shortly thereafter. She was charged with operating a motor vehicle with a prohibited blood alcohol content, a violation of Tallmadge Codified Ordinance 333.01(a)(1)(D), and operating a motor vehicle while under the influence of alcohol, a violation of Tallmadge Codified Ordinance 333.01(a)(1)(A). *Page 3 
 {¶ 4} On September 18, 2007, Defendant moved to suppress "the evidence adduced from [her] arrest," arguing that Lieutenant Williams lacked probable cause to arrest her and failed to advise her of her constitutional rights at the time of her arrest. Specifically, Defendant moved to suppress:
 "1. The opinion of the arresting officer regarding the Defendant's sobriety.
 "2. Statements taken from Defendant or caused to be taken from Defendant.
 "3. Evidence of the results of any physical performance or coordination tests performed by the Defendant.
 "4. Any other evidence obtained as a result of the Defendant's arrest for operating a motor vehicle under the influence of alcohol."
During the hearing on the motion, the officers who responded to the incident testified with respect to the items of evidence that Defendant sought to suppress. It appears from the record of their testimony that this evidence was obtained before Defendant's arrest and as a result of Sergeant Reese's and Lieutenant Williams' initial investigation. The trial court concluded that "Lieutenant Williams had reasonable suspicion to inquire of the Defendant," but that "[w]ithout more, the Court does not believe that there [was] probable cause to arrest the Defendant for OVI. * * * Defendant's Motion is granted." Tallmadge perfected this appeal as provided by Crim.R. 12(K). *Page 4 
 JURISDICTION {¶ 5} Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders[.]" R.C.2945.67(A) includes within our jurisdiction certain orders that may be appealed by the State, including motions to suppress evidence. In those cases, the State must comply with Crim.R. 12(K), which provides, in part:
 "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
 "(1) the appeal is not taken for the purpose of delay;
 "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."
In this case, although Tallmadge has certified its notice of appeal as required by Crim.R. 12(K), the order from which Tallmadge has appealed does not fall within the boundaries set forth by the rule. Defendant moved the trial court to suppress broad categories of evidence, all "adduced from [her] arrest." This Court's review of the record indicates that it is unclear whether any evidence falls into these categories, however, and the trial court did not specify what evidence fell within the scope of its order. This question is further clouded because the trial court found that Sergeant Williams did have reasonable suspicion to "inquire of Defendant. *Page 5 
 {¶ 6} Although the State's Crim.R. 12(K) certification is consistent with the opinion of the Supreme Court of Ohio in State v. Bassham, 94 Ohio St.3d 269, 2002-Ohio-797, we conclude that this case is distinguishable from Bassham. In Bassham, the State determined that the suppression order at issue was not sufficiently clear and, instead of filing a notice of appeal within seven days, moved the trial court to clarify its order. Id. at 272. The Supreme Court held that the State was beyond the time limitation for appeal pursuant to App.R. 4(B)(4) because the suppression order was sufficiently clear:
 "The * * * order clearly states that the observations of the officer and the BAC results were suppressed. This broad and unequivocal language destroyed the state's ability to prosecute the case. Without the only eyewitness's observations and the test results, there was nothing left to try. Because the state failed to timely avail itself of its limited appeal rights after the judgment was entered, the court below lacked jurisdiction to hear the appeal." Id.
 {¶ 7} Unlike the suppression order considered in Bassham, the trial court's order in this case does not specify which evidence is suppressed as a result of its determination that Defendant was arrested without probable cause. This placed Tallmadge in the unenviable position described by the concurring opinion in Bassham:
 "[T]here are some instances when a prosecutor can be placed in a dilemma by a trial court's ruling on a motion to suppress. A prosecutor who is faced with an unclear trial order cannot reasonably be expected to certify that the chance for effective prosecution has been destroyed until the decision of the court is clarified. If the prosecutor is forced to file an appeal from an unclear order, as the majority's syllabus seems to require, the prosecutor may be certifying something that in actuality does not destroy `any *Page 6 
reasonable possibility of effective prosecution.' In that situation, the prosecutor faces a dilemma — if the prosecutor does choose to file a certified appeal it may appear in hindsight that he or she did not act in good faith if the trial court's order as clarified does not destroy the chance to prosecute, but if the prosecutor chooses not to appeal, he or she may lose the opportunity to appeal if the trial court's ruling as later clarified does destroy the chance to prosecute." Id. at 273 (Resnick, J., concurring).
 {¶ 8} In summary, it is not apparent from the trial court's journal entry that any evidence has been suppressed in this case, and this Court concludes that the trial court's order does not fall within the provisions of R.C. 2945.67(A) and Crim.R. 12(K). Consequently, this Court does not have jurisdiction to consider Tallmadge's appeal from this order, and the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., DICKINSON, J., CONCUR *Page 1