[Cite as *State v. McCall*, 2017-Ohio-34.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ARTHUR MCCALL

    Appellant

C.A. No.    15CA010861

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CR086836

DECISION AND JOURNAL ENTRY

Dated: January 9, 2017

WHITMORE, Judge.

{¶1}    Appellant, Arthur McCall, appeals from the September 30, 2015 judgment of the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2}    In *State v. McCall*, 9th Dist. Lorain No. 14CA010582, 2015-Ohio-1251, ¶ 2-7, ("*McCall I*"), this Court set forth the facts and procedural history as follows:

> On February 23, 2013, around 6:15 a.m., police received several calls about a dark vehicle stopped at a green light in the northbound lanes of Lorain Boulevard in Elyria near State Route 57. The callers were concerned for the safety of the person in the vehicle as it did not appear the person was moving. Police located the vehicle at Lorain Boulevard and Foster Avenue. The vehicle was in a lane of traffic and was stopped at a green light.
>
> The driver, Mr. McCall, was the only person in the vehicle. Officers Patrick Jama and Scott Willis approached the driver's side and Officer Michael Darmstadt approached the passenger's side. Officers Jama and Willis were unable to wake Mr. McCall by calling out to him or by tapping him. They thus proceeded to pull Mr. McCall out of the car. At that point, Mr. McCall became conscious and grabbed the steering wheel. Notwithstanding, the officers extracted Mr. McCall

from the vehicle. Mr. McCall smelled of alcohol, had difficulty maintaining his balance, and had red glossy eyes.

The officers handcuffed him, placed him in a cruiser, and transported him to the station. As Mr. McCall had several previous convictions for operating a vehicle while intoxicated, he was informed that if he refused a chemical test, the officers could use reasonable means to ensure that one was obtained from him. Mr. McCall refused a field sobriety test, but initially agreed to a urine screen. However, he ultimately refused to submit to a urine test but, according to the officers, agreed to a blood draw. Mr. McCall was transported to EMH Regional Medical Center where a phlebotomist drew his blood. The blood was tested in a forensics lab with the results concluding that Mr. McCall's blood plasma contained .2655 grams percent alcohol.

Ultimately, Mr. McCall was indicted on one count of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), along with a specification that in the past 20 years he had been convicted of five or more equivalent offenses, one count of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(f), along with a similar specification, and one count of driving under suspension in violation of R.C. 4510.11(A).

Mr. McCall filed a motion to suppress articulating 20 grounds for suppression. The State filed a written response opposing the motion. Only at the hearing did the State assert that Mr. McCall's motion failed to set forth the grounds with particularity. Following the hearing, the trial court allowed both sides to submit additional briefing on the issues.

The trial court granted the motion to suppress concluding that, based upon *Missouri v. McNeely,* 133 S.Ct. 1552 (2013), the blood draw was impermissible as Mr. McCall did not consent to the blood draw and there were no exigent circumstances justifying the blood draw. Additionally, the trial court concluded that evidence obtained from the blood draw should be suppressed because the State failed to demonstrate substantial compliance with respect to Ohio Admin.Code 3710-53-05 and 3710-53-07.

Further, in its order suppressing the blood draw evidence, the trial court found "that there was reasonable suspicion to stop [Mr. McCall's] vehicle based upon the testimony presented at the [h]earing * * * [and] * * * that probable cause existed to arrest [Mr. McCall] for the offense of OVI." As such, the trial court denied "all other issues raised in [Mr. McCall's] [m]otion to [s]uppress[.]"

{¶3} Pursuant to Crim.R. 12(K), the State appealed certifying that: (1) "[t]he appeal [was] not taken for the purpose of delay" and (2) "[t]he ruling on the trial court's exclusion of evidence in response to a motion to suppress has rendered the [S]tate's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

{¶4} In *McCall I* at ¶ 16, this Court affirmed the trial court's decision to suppress the blood draw evidence stating that "we cannot conclude that the State substantially complied with Ohio Admin.Code 3701-53-05(C) as the State failed to demonstrate that Mr. McCall's blood was drawn into a tube containing a solid anticoagulant. Thus, the trial court did not err in granting Mr. McCall's motion to suppress the evidence obtained from the blood draw."

{¶5} Based upon the State's Crim.R. 12(K) appeal, Mr. McCall then filed a motion to dismiss all charges against him, including one count of operating a vehicle under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4511.19(A)(1)(a), with a specification, and one count of driving under suspension or in violation of license restriction, in violation of R.C. 4510.11(A). In his motion, Mr. McCall argued that the State should be barred from further prosecution on all counts in the indictment because it failed to provide supporting "documentation" that its Crim.R. 12(K) certification was limited only to the per se violation pursuant to R.C. 4511.19(A)(1)(f).

{¶6} In response, the State argued that "Crim.R. 12(K) only bars [it] from prosecuting the 'same offense' that relied upon the suppressed evidence, leaving [it] free to prosecute the remaining offenses." Thus, the State contended that Mr. McCall's motion should be denied, and that it should be allowed to prosecute the two remaining charges.

{¶7} In denying Mr. McCall's motion, the trial court stated:

The instant matter is before the [c]ourt upon [Mr. McCall's] [m]otion to [d]ismiss. The State * * * filed a [r]esponse thereto. Upon consideration of [Mr. McCall's] [m]otion, the State's [r]esponse, and the law applicable to this issue, the [c]ourt finds [Mr. McCall's] [m]otion to [d]ismiss to not be well-taken and it is therefore denied. The remaining [c]ounts, specifically [c]ounts [o]ne and [t]hree, remain pending and shall be set for [t]rial.

{¶8} The State dismissed the R.C. 4511.19(A)(1)(f) per se violation, and Mr. McCall pleaded no contest to the remaining counts and specification in the amended indictment. The trial court found Mr. McCall guilty and sentenced him to a collective prison term of 1 year and 60 days, with a $1,350 fine, and a 3 year driver's license suspension. The trial court stayed Mr. McCall's sentence pending appeal.

{¶9} Mr. McCall appeals raising two assignments of error. For ease of discussion, we consolidate Mr. McCall's assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN NOT DISMISSING THE COMPANION OVI CHARGE AFTER AFFIRMANCE OF ITS SUPPRESSION ORDER BY THE COURT OF APPEALS, EFFECTIVELY PERMITTING AN APPEAL WITHOUT A FINAL, APPEALABLE ORDER[.]

Assignment of Error Number Two

THE TRIAL COURT ERRED IN PERMITTING THE STATE TO CONTINUE TO PROSECUTE A CASE AFTER CERTIFYING "ANY REASONABLE POSSIBILITY OF EFFECTIVE PROSECUTION HAS BEEN DESTROYED[.]"

{¶10} In his first assignment of error, Mr. McCall argues that the trial court erred in denying his motion to dismiss the companion OVI charge, thus retroactively creating a non-final, appealable order in *McCall I.*

{¶11} We disagree with Mr. McCall's argument regarding finality because R.C. 2945.67(A) specifically allows for an immediate appeal from an order granting a motion to suppress.

{¶12} In his second assignment of error, Mr. McCall argues that the trial court erred in permitting the State to prosecute the remaining charges in the indictment after its certification that "[t]he ruling on the trial court's exclusion of evidence in response to a motion to suppress has rendered the [S]tate's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

{¶13} In *Tallmadge v. Barker*, 9th Dist. Summit No. 23961, 2008-Ohio-2154, ¶ 5, this Court stated:

> Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals 'such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders[.]' R.C. 2945.67(A) includes within our jurisdiction certain orders that may be appealed by the State, including motions to suppress evidence.

"R.C. 2945.67(A) provides, in pertinent part: 'A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence * * *.'" *State v. Dalchuk*, 9th Dist. Summit No. 21423, 2003-Ohio-4152, ¶ 6. The State's appeal from an order granting a motion to suppress evidence must comply with Crim.R. 12(K), which provides, in part:

> When the [S]tate takes an appeal as provided by law from an order suppressing or excluding evidence, * * * the prosecuting attorney shall certify that both of the following apply:
>
> (1) the appeal is not taken for the purpose of delay;
>
> (2) the ruling on the motion or motions has rendered the [S]tate's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *.

Further, Crim.R. 12(K) states that:

> The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently.

{¶14} In the present matter, the trial court partially granted Mr. McCall's motion to suppress evidence. Specifically, the trial court suppressed the blood draw evidence essential to the State's prosecution of the per se violation in the indictment. As stated above, Mr. McCall was indicted on (1) one count of operating a vehicle under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4511.19(A)(1)(a), with a specification, (2) one count of operating a vehicle under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4311.19(A)(1)(f), with a specification, and (3) one count of driving under suspension or in violation of license restriction, in violation of R.C. 4510.11(A).

{¶15} Pursuant to R.C. 4511.19(A)(1)(f): "[n]o person shall operate any vehicle * * * within this [S]tate, if, at the time of the operation, * * * [t]he person has a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in the person's whole blood." With the blood draw evidence suppressed, the State could not prosecute Mr. McCall on the alleged per se violation pursuant to R.C. 4511.19(A)(1)(f). Thus, based upon the partial granting of Mr. McCall's motion, resulting only in the suppression of the blood draw evidence, the State filed a timely Crim.R. 12(K) appeal, with respect to *that particular charge* in the indictment, because the exclusion of the blood draw evidence "rendered the [S]tate's proof with respect to the [alleged per se violation] so weak in its entirety that any reasonable possibility of effective prosecution ha[d] been destroyed." *See* Crim.R. 12(K).

**{¶16}** Additionally, we note that the remaining counts in the indictment, alleging violations of R.C. 4511.19(A)(1)(a)[1] and R.C. 4510.11(A)[2], did not wholly rely upon the blood draw evidence for effective prosecution. According to Crim.R. 12(K):

> If an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the [S]tate shall be barred from prosecuting the defendant for the *same offense or offenses* except upon a showing of newly discovered evidence that the [S]tate could not, with reasonable diligence, have discovered before filing of the notice of appeal.

(Emphasis added.) Because the two remaining "offenses" in the indictment differ from the "offense" listed in R.C. 4511.19(A)(1)(f), Crim.R. 12(K) does not bar the State from prosecuting Mr. McCall for those offenses. (*See generally State v. Noble*, 9th Dist. Lorain No. 07CA009083, 2007-Ohio-7051, where the State filed an appeal regarding only that part of the indictment affected by a pre-trial ruling.)

**{¶17}** Therefore, the trial court did not err in denying Mr. McCall's motion to dismiss; thus allowing the State to prosecute the two remaining counts in the indictment.

**{¶18}** Mr. McCall's first and second assignments of error are overruled.

---

[1] R.C. 4511.19(A)(1)(a) states, in relevant part, that: "[n]o person shall operate any vehicle * * * within this [S]tate, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

[2] R.C. 4510.11(A) states, in relevant part, that: "[e]xcept as provided in division (B) of this section and in sections 4510.111 and 4510.16 of the Revised Code, no person whose driver's * * * license * * * has been suspended under any provision of the Revised Code, other than Chapter 4509[] of the Revised Code, or under any applicable law in any other jurisdiction in which the person's license or permit was issued, shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this [S]tate during the period of suspension unless the person is granted limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges."

III

{¶19}  Mr. McCall's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK and JACK W. BRADLEY, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.