[Cite as *State v. Kanavel*, 2011-Ohio-1711.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010-CA-131 |
| BENJAMIN J. KANAVEL | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Municipal Court, Case No. 10-TRC-07005-
                             H

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 7, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

TRICIA M. MOORE                        DAVID B. STOKES
Assistant Law Director                 21 W. Church Street, Ste. 206
40 West Main Street, 4th Fl.           Newark, OH 43055
Newark, OH 43055

*Gwin, P.J.*

**{¶1}** Appellant Benjamin Kanavel appeals his convictions and sentences in the Licking County Municipal Court on one count of Operating a Motor Vehicle While Under the Influence in violation of R.C. 4511.19 (A) (1) (a), and 4511.19(A)(2)(a) one count of space between moving vehicles in violation of R.C. 4511.34, and one count of marked lanes in violation of R.C. 4511.33. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** In the early morning hours of July 8, 2010, Ohio State Highway Patrol Trooper Daniel Moran, Jr. observed a vehicle traveling northbound on Watkins Road fail to stop at the red traffic signal located at State Route 16. As he followed the vehicle, Trooper Moran observed two lane violations. Trooper Moran then conducted a traffic stop of the vehicle. Upon making contact with the driver, the trooper noticed that the appellant had bloodshot glassy eyes and further detected a moderate odor of alcohol coming from inside the vehicle in which appellant was the only occupant. Appellant admitted to consuming three beers prior to operating his vehicle, stating that he consumed the first beer at approximately 10:00 pm and the last beer at 11:30 pm.

**{¶3}** Appellant was asked to exit his vehicle and submit to standardized field sobriety tests. Trooper Moran testified that the appellant failed all three standardized tests. On the horizontal gaze nystagmus test ["HGN"] the trooper observed all six possible clues. On the one leg stand, the trooper observed three out of a possible four clues. Finally on the walk and turn test, the trooper observed five out of a possible eight clues.

{¶4}   Throughout his contact with the appellant the trooper continued to notice an odor of alcohol coming from the appellant's person, a flushed face, and bloodshot/glassy eyes. After the completion of those tests, the appellant was placed under arrest for operating a vehicle while under the influence of alcohol.

{¶5}   Upon arrival at the Granville Highway Patrol Post, appellant was read the BMV 2255, advising him of the consequences of refusing a blood alcohol test. The appellant was asked to submit to a breath test. Appellant asked to speak to and was given the opportunity to contact an attorney.  Appellant left a message on the attorney's answering machine and the parties waiting approximately ten minutes for a return call. The attorney did not contact appellant. Upon receiving no return phone call from the attorney, the trooper again asked appellant if he would submit to the breath test. Appellant reluctantly agreed.

{¶6}   A twenty minute observation period was observed and the appellant attempted to take the breath test. The first attempt resulted in an invalid sample. The trooper stated that the machine indicated to him that the appellant was not blowing air into the machine based on the machine beeping instead of giving a steady tone. The trooper testified that he believed the appellant was "playing games with the machine" and "fake blowing".  Trooper Moran then asked appellant for a urine sample and the appellant refused even though he stated numerous times that he had to urinate and even used the bathroom.

{¶7}   A second twenty minute observation period was observed and appellant again attempted the breath test. The trooper testified that like the first test, the machine began beeping indicating that the appellant was not blowing into the machine and again

an invalid sample was produced. Trooper Moran testified that he instructed the appellant on how to blow properly into the machine. Trooper Moran testified that based on his training and experience in administering hundreds of BAC tests, the appellant did refuse to give a sample to be tested by the machine. Trooper Moran testified that on both attempts to take the breath test, the appellant acted like he was blowing into the machine however, the machine began beeping indicating that it was not receiving a sufficient quantity of air to complete the test and an invalid sample was produced. Based on what he observed from the appellant puffing his cheeks and acting like he was blowing into the machine and the machine telling the trooper that it was not receiving a breath sample from the appellant, appellant was charged with refusing to take a chemical test.

{¶8} On July 29, 2010, appellant filed a multi-branch motion to (1) suppress and dismiss due to an unlawful stop; (2) dismiss the OVI charges due to a lack of probable cause to arrest for OVI; and (3) vacate the ALS, per R.C. 4511.197(C). The motion was heard by the trial court on August 20, 2010. The trial court overruled the motions by judgment entry filed August 24, 2010.

{¶9} On October 11, 2010 appellant entered pleas of no contest to the charges.

{¶10} Appellant's initial appeal, Case No. 10-CA-112, resulted in this Court's judgment entry filed November 2, 2010, dismissing the initial appeal on the finding of a non-final, appealable order pursuant to the Ohio Supreme Court's decision in *State v. Baker* (2008), 119 Ohio St.3d 197. Thereafter, the trial court conducted a re-sentencing hearing on November 19, 2010 and issued an amended sentencing entry on that same date.

{¶11} Appellant has timely appealed from that sentencing entry in the above-captioned case, raising the following five assignments of error:

{¶12} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO DISMISS THE TRAFFIC COMPLAINT DUE TO FAILURE TO COMPLY WITH O TRAF R 3(E)(2).

{¶13} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FILED AUGUST 25, 2010.

{¶14} "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE AND DISMISS THE COMPLAINT.

{¶15} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO DISMISS THE "OVI CHARGE" R.C. 4511.19(A)(1)(A) DUE TO INSUFFICIENT PROBABLE CAUSE TO ARREST FOR OVI.

{¶16} "V. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPEAL OF THE ALS."

I.

{¶17} In his First Assignment of Error appellant argues the trial court erred in summarily overruling his motion to dismiss the traffic citation. Specifically, appellant contends that he is entitled to dismissal of the charges because the officer did not notify him of the consequences of failing to appear for his arraignment.

{¶18} Ohio Traf R 3(E)(2) states, in relevant part,

{¶19} "The officer shall notify defendant that if defendant does not appear at the time and place stated in the citation or comply with division (C) of section 2935.26 of the Revised Code, defendant's license will be cancelled, defendant will not be eligible for

the reissuance of the license or the issuance of a new license for one year after cancellation, and defendant will be subject to any applicable criminal penalties."

**{¶20}** However, in addressing appellants' claim that the trial court should have granted his motion to dismiss, we must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." See Smith v. *Flesher* ( 1967), 12 Ohio St. 2d 107, 233 N.E. 2d 137; *State v. Stanton*(1968), 15 Ohio St.2d 215, 217, 239 N.E.2d 92,94; *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097 at ¶16. See, also, App.R. 12(D).

**{¶21}** In the case at bar, appellant has not made any argument relative to the prejudicial effect of the officer's failure to advise him. Accordingly, appellant has conceded that he was not prejudiced by the officer's failure to inform him of the consequences of failing to appear for his arraignment.

**{¶22}** Appellant's First assignment of Error is overruled.

II.

**{¶23}** In his Second Assignment of Error, appellant argues that the citation incorrectly charged him with a per se violation of R.C. 4511.19 Operating a Vehicle While Under the Influence of Alcohol or Drugs. He claims that this was incorrect as he was never charged with having the prohibited level of blood alcohol concentration. In fact. Appellant argues he was charged in the second count with refusal to submit to a chemical test.

**{¶24}** A review of the traffic citation in appellant's case demonstrates that appellant was charged with a violation of R.C. 4511.19(A)(1)(a), which is simply

operating a motor vehicle while under the influence of alcohol. Thus, the Code section indicated on the citation was correct.

**{¶25}** Though the Code section was correct, appellant claims he was entitled to a dismissal of the first charge because the officer checked the box on the citation indicating "Prohibited alcohol concentration."

**{¶26}** However, we find that appellant was clearly on notice that he was charged with operating a motor vehicle while under the influence of alcohol, and further with a violation of R.C. 4511.19(A)(2), a refusal to submit to a chemical test. Accordingly, appellant was sufficiently apprised of the charges against him so that he could prepare his defense. In reality, appellant does not even argue that he lacked sufficient information to prepare his defense, and therefore cannot demonstrate that he was in any way prejudiced. See *Smith v. Flesher* ( 1967), 12 Ohio St. 2d 107, 233 N.E. 2d 137; *State v. Stanton* (1968), 15 Ohio St.2d 215, 217, 239 N.E.2d 92,94; *Wachovia Mtg. Corp. v Aleshire*, Licking App. No. 09 CA 4, 2009-Ohio-5097 at ¶16. See, also, App.R. 12(D).

**{¶27}** Appellant's Second Assignment of Error is overruled

III.

**{¶28}** In his Third Assignment of Error, appellant argues that the trial court erred in denying his motion to suppress and in finding that Trooper Moran had a reasonable suspicion to stop him. We disagree.

**{¶29}** The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538 at ¶

23. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist.

{¶30} In *Mays*, supra the defendant argued that his actions in that case – twice driving across the white edge line – were not enough to constitute a violation of the driving within marked lanes statute, R.C. 4511.33. Id. at ¶ 15. Mays further argued that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." Id. at ¶ 17.

{¶31} The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See *State v. Burnside* (2003)*,* 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74. The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. Trooper Moran's testimony represents competent, credible evidence that appellant failed to stop at a red light and committed marked lanes violations. Therefore, the factual finding of the trial court that appellant had committed traffic offenses is not clearly erroneous.

**{¶32}** Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record.

**{¶33}** We accept the trial court's conclusion that appellant's violation of the traffic laws gave Trooper Moran reasonable suspicion to stop appellant's vehicle because the factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied appellant's motion to suppress on the basis that the initial stop of his vehicle was valid.

**{¶34}** Appellant's Third Assignment of Error is overruled.

IV.

**{¶35}** In his Fourth Assignment of Error, appellant argues that the trial court erred in overruling his motion to dismiss claiming that Trooper Moran did not have probable cause to arrest him for OVI. We disagree.

**{¶36}** A motion to dismiss filed pursuant to Crim.R. 12 test the sufficiency of the charging document, without regard to the quantity or quality of the evidence which may eventually be produced by the state. *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167; *State v. Davis*, Stark App. No. 2004-CA-00202, 2005-Ohio-494; *State v. Green* (July 12, 1998), 5th Dist. No. 97CAA11052. A Crim.R. 12 pre-trial motion to dismiss cannot reach the merits or substance of the allegations as there is no equivalent of the civil rules' summary judgment procedure in the criminal arena. *State v. Riley,* 12th Dist. No. CA2001-04-095, 2001-Ohio-8618. Therefore, pre-trial motions to dismiss "can only raise matters that are capable of determination without a trial on the

general issue." Id. at 4; see, also, *State v. Patterson* (1989), 63 Ohio App.3d 91, 95. It is the sufficiency of the indictment which is judged at this pre-trial stage. *Akron v. Buzek*, 9th Dist. No. 20728, 2002-Ohio-1960.

**{¶37}** If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. *State v. Varner* ( 1991), 81 Ohio App. 3d 85, 86, 610 N.E. 2d 476, 477. Therefore, in addressing the defendant's motion to dismiss, the court is limited to determining whether the pretrial motion to dismiss required consideration of the general issue for trial. *State v. Brady*, 119 Ohio St.3d 375, 894 N.E.2d 671, 2008-Ohio-4493 at ¶18; *State v. Riley*, Butler App. No. CA2001-04-095, 2001-Ohio-8618, 2002 WL 4484, citing *State v. Heebsh* (1992), 85 Ohio App.3d 551, 556, 620 N.E.2d 859, 862.

**{¶38}** In the case at bar, appellant's motion went far beyond the face of the complaint and required the trial court to examine the evidence and determine in advance whether the state could satisfy its burden of proof with respect to the charges.

**{¶39}** As there is no provision in the Ohio Rules of Criminal Procedure for a motion to dismiss which required consideration of the general issue for trial, the trial court's denial of appellant's motion to dismiss was proper.

**{¶40}** Appellant's Fourth Assignment of Error is overruled.

V.

**{¶41}** In his Fifth Assignment of Error, appellant argues that the trial court erred in overruling his ALS appeal. We disagree.

**{¶42}** The trial court overruled appellant's ALS appeal by judgment entry filed August 24, 2010.

**{¶43}** An administrative license suspension terminates when the defendant is convicted after entering a plea of no contest to the underlying offense. R.C. 4511.191(B)(2).

**{¶44}** Accordingly, appellant's Fifth Assignment of Error is moot. See, *State v. Williams*, 76 Ohio St. 3d 290, 667 N.E. 2d 932, 1996-Ohio-408 at para. 2 of the syllabus; *State v. Clark* (Jan. 18, 1996), Hardin App. No. 6-95-10.

**{¶45}** Appellant's Fifth Assignment of Error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0225

[Cite as *State v. Kanavel*, 2011-Ohio-1711.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BENJAMIN J. KANAVEL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-131 |

 

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Municipal Court of Licking County, Ohio, is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE