[Cite as *State v. Gonzaliz*, 2013-Ohio-5309.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ELVIS GONZALIZ | : | Case No. 2013CA00077 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton
                                  Municipal Court, Case No.
                                  2013TRC0766


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 December 2, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TASHA FORCHIONE                           JOHN SIVINSKI
Assistant City Prosecutor                 BRIAN J. SMITH
218 Cleveland Ave. S.W.                   JEREMY M. SAMUELS
P.O. Box 24218                            Sivinski & Smith, LLC
Canton, OH 44702                          8905 Lake Ave, 4th Floor
                                          Cleveland, OH 44102

*Baldwin, J.*

{¶1}    Appellant Elvis Gonzaliz appeals a judgment of the Canton Municipal Court overruling his motion to suppress and convicting him of driving with a prohibited breath alcohol content (R.C. 4511.19(A)(1)(h)) and driving outside marked lanes (R.C. 4511.33) upon a plea of no contest.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    On February 11, 2013, Sergeant David Garber of the Ohio State Highway Patrol was on routine patrol on State Route 800, also known as Cleveland Avenue, in Canton, Ohio.  At 12:48 a.m. he observed a Kia Sorento without a front plate.  He turned to make a stop for the front plate violation.  As he attempted to catch up with the vehicle, he saw the car travel over the white dotted line separating the lanes by approximately a quarter width of the vehicle.  He noted that the vehicle's headlights were at least across the white line.

{¶3}    Sgt. Garber activated his overhead lights.  The Kia Sorento, driven by appellant, turned into a pancake restaurant.  As the officer followed appellant into the parking lot, he noted that the back of the vehicle had a Florida plate, and he was aware that Florida does not require a front license plate.  Upon encountering appellant, Sgt. Garber noted a strong odor of alcohol inside the vehicle, and appellant had glassy, bloodshot eyes.  After administering field sobriety tests, appellant was arrested for operating a motor vehicle while intoxicated.   Appellant consented to a breath test and the result was .198.

{¶4}    Appellant was charged with operating a motor vehicle while intoxicated, operating a motor vehicle with a prohibited breath alcohol content and driving outside

marked lanes. He moved to suppress on the basis that the officer lacked a reasonable suspicion of criminal activity to stop his vehicle. He also filed an appeal of his Administrative License Suspension (ALS) on the same basis. The trial court overruled the motion to suppress. The state consolidated the OVI charges and appellant pled no contest to a violation of R.C. 4511.191(A)(1)(h) and driving outside marked lanes. He was fined $375 on the OVI conviction and sentenced to 180 days incarceration with all but six days suspended, and he was to serve those six days in Oriana House. On the marked lanes violation he was ordered to pay costs.

{¶5} Appellant assigns two errors on appeal:

{¶6} "I. THAT THE CANTON MUNICIPAL COURT OVERRULED MR. GONZALIZ' MOTION TO SUPPRESS EVIDENCE THAT WAS OBTAINED AS A RESULT OF A TRAFFIC STOP THAT WAS NOT SUPPORTED BY REASONABLE SUSPICION THAT A TRAFFIC VIOLATION HAD OCCURRED.

{¶7} "II. THAT THE CANTON MUNICIPAL COURT SHOULD NOT HAVE DENIED MR. GONZALIZ' APPEAL OF ADMINISTRATIVE LICENSE SUSPENSION SINCE THE SUSPENSION WAS A RESULT OF EVIDENCE OBTAINED FROM A TRAFFIC STOP NOT SUPPORTED BY REASONABLE SUSPICION THAT A TRAFFIC VIOLATION HAD OCCURRED."

I.

{¶8} Appellant argues that the court erred in overruling his motion to suppress. He argues that the officer did not have a reasonable suspicion of criminal activity to justify stopping him because the officer failed to determine whether appellant had first

ascertained the safety of changing lanes, and the officer's testimony that appellant crossed the white line is not supported by the video recording of the stop.

{¶9}   R.C. 4511.33(A) provides:

{¶10}  "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

{¶11}  "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶12}  Appellant argues that if there is no traffic in the other lane, there is no violation because the movement can be made with safety.   The Ohio Supreme Court has rejected appellant's argument that an officer does not have to have a reasonable suspicion of criminal activity to justify stopping a vehicle for a marked lanes violation if the move could be made with safety:

{¶13}  "Appellant further argues that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane 'as nearly as [was] practicable,' within the meaning of R.C. 4511.33(A)(1). R.C. 4511.33 does provide for certain circumstances in which a driver can cross a lane line without violating the statute. However, the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a

reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge.

{¶14} "R.C. 4511.33(A)(1) provides that a driver must remain within the lane markings 'as nearly as is practicable' and that a driver shall not move from a lane 'until the driver has first ascertained that such movement can be made with safety.' The phrase 'as nearly as is practicable' does not give the driver the option to remain within the lane markings; rather, the phrase requires the driver to remain within the lane markings unless the driver cannot reasonably avoid straying." *State v. Mays,* 119 Ohio St. 3d 406, 894 N.E.2d 2104, 2008-Ohio-4538, ¶17-18.

{¶15} Therefore, upon observing appellant drift over the lane dividing line and then back into his own lane, Sgt. Garber did have a reasonable suspicion of criminal activity to justify stopping appellant, even though appellant might have had a possible defense to the charge in that the movement could be made safely.

{¶16} Appellant also argues that because the video of the stop does not show the violation, the trooper's credibility is in question and at best the violation was de minimis.   At the time the violation would appear on the video, appellant's vehicle was well in front of the cruiser, and due to glare of streetlights on the roadway it is virtually impossible to see the white lane markings in the area where appellant's vehicle was traveling.   The trooper testified that he observed appellant cross the line by about a quarter width of the vehicle.   The judge is in the best position to determine the credibility of witnesses. See *State v. Burnside*, 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74 (2003). The fundamental rule that weight of evidence and credibility of witnesses are

primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning* , 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584 (1982). The trooper's testimony represents competent, credible evidence that appellant was not traveling within the lanes marked for travel. As the video was unclear and inconclusive, the trial court did not err in finding the testimony of the trooper to be credible.

{¶17}   The first assignment of error is overruled.

II.

{¶18}   In his second assignment of error, appellant argues the court erred in overruling his ALS appeal.

{¶19}   An administrative license suspension terminates when the defendant is convicted after entering a plea of no contest to the offense.   R.C. 4511.191(B)(2). Accordingly, appellant's second assignment of error is moot.   *State v. Kanavel*, 5th Dist. Licking No. 2010–CA–131, 2011-Ohio-1711, ¶43-44, citing *State v. Williams,* 76 Ohio St.3d 290, 667 N.E.2d 932, 1996–Ohio–408 at para. 2 of the syllabus.

{¶20}   The second assignment of error is overruled.

{¶21}   The judgment of the Canton Municipal Court is affirmed.  Costs assessed

to appellant.

By: Baldwin, J.

Farmer, P. J. and

Wise, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


CRB/rad

[Cite as *State v. Gonzaliz*, 2013-Ohio-5309.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ELVIS GONZALIZ | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00077 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE