[Cite as *Columbus v. Zimmerman*, 2015-Ohio-3488.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Columbus,                                    :

          Plaintiff-Appellee,               :                   No. 14AP-963
                                     (M.C. No. 2014 TRC 137789)
v.                                                   :                   No. 14AP-964
                                     (M.C. No. 2014 CRB 10806)
Haley L. Zimmerman,                                  :

          Defendant-Appellant.              :                   (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on August 27, 2015

---

*Richard C. Pfeiffer, Jr.*, City Attorney; *Lara N. Baker*, City Prosecutor, and *Orly Ahroni*, for appellee.

*Phillip L. Harmon*, for appellant.

APPEALS from the Franklin County Municipal Court

KLATT, J.

{¶ 1} In these cases, defendant-appellant, Haley L. Zimmerman, appeals from two judgments of convictions entered by the Franklin County Municipal Court. For the following reasons, we affirm appellant's convictions.

## I.  Factual and Procedural Background

{¶ 2} Shortly after midnight on May 8, 2014, Columbus police officers stopped appellant after observing her driving out of her lane several times. The officers suspected her of operating a vehicle while under the influence ("OVI"). During the stop, the officers arrested her. One of the officers read to appellant the BMV Form 2255, which provides a person suspected of OVI of the consequences for refusing to take a chemical alcohol test when requested. The officers then asked appellant to take an alcohol breath test. She

refused.  Accordingly, pursuant to R.C. 4511.191, the officers took her drivers license and placed her on an administrative license suspension ("ALS").

{¶ 3}  As a result, in case No. 14AP-963, the officers charged her with OVI in violation of Columbus City Code ("C.C.C.") 2133.01, as well as a marked lanes violation of C.C.C. 2131.08(A)(1) and a failure to display violation of C.C.C. 2135.07(A).  In case No. 14AP-964, a complaint charged her with an open container violation of C.C.C. 2325.62.

{¶ 4}  After her initial appearance in the Franklin County Municipal Court, appellant filed an appeal of the ALS pursuant to R.C. 4511.197 as well as a motion to terminate the ALS.[1]  She argued that certain procedural steps found in R.C. 4511.191 and 4511.192 had not been complied with and that such noncompliance warranted the vacation of her ALS.

{¶ 5}  Subsequently, appellant also filed a motion in limine or, in the alternative, to suppress evidence.  Specifically, as the motion related to suppression of evidence, appellant argued that the officers did not have probable cause to stop or arrest her.  In regards to the motion in limine, appellant argued that the arresting officer did not read her the BMV Form 2255 and that the officer's certification that he did so was false.[2]  As a result, appellant sought to have the form excluded from evidence at trial and the trial court to instruct the jury that the form would not be introduced into evidence because the arresting officer filed statements that were not true.

{¶ 6}  After a hearing to resolve the motions and the ALS appeal, the trial court orally denied the motion to suppress, concluding that the officers had probable cause to stop appellant.  The trial court made no other rulings.  Appellant subsequently filed a motion for reconsideration that requested the trial court to reconsider its oral decision. The motion also requested the trial court to enter written findings of fact and conclusions of law for both the motion in limine and the ALS appeal.  Appellant again argued that the arresting officer himself did not read her the BMV Form 2255 and that, as a result, her

---

[1] An ALS proceeding is a separate civil matter that is unrelated to the criminal OVI prosecution.  *State v. Clark*, 3d Dist. No. 6-95-10 (Jan. 18, 1996), citing *Hoban v. Rice*, 25 Ohio St.2d 111 (1971).

[2] R.C. 4511.192(A) provides that "the arresting law enforcement officer" shall give the advice set forth in BMV Form 2255 and "shall read the advice to the person."

ALS was void as a matter of law and her ALS appeal should be granted.[3]  On October 16, 2014, the trial court denied the motion to reconsider.  In so doing, the trial court also addressed and rejected appellant's arguments concerning her ALS appeal.  Specifically, the trial court was "unconvinced" that only the arresting officer may read the BMV Form 2255 to a defendant.

{¶ 7}  Subsequently, on October 22, 2014, appellant entered no contest pleas to all of the charges in both cases.  The trial court accepted those pleas, found appellant guilty, and sentenced her accordingly.

## II. Appellant's Appeal

{¶ 8}  Appellant now appeals and assigns the following error:

> The trial judge erred as a matter of law by denying the motion in limine and motion for reconsideration filed by defendant-appellant Zimmerman.

### A.  Decisions on Motions in Limine are not Appealable

{¶ 9}  Appellant attempts to appeal the trial court's denial of her motion in limine,[4] which sought rulings pertaining to issues that might arise at trial over the BMV Form 2255.  Such a decision is not a final appealable order.  *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 35.  As a pretrial, preliminary, anticipatory ruling, finality does not attach when a motion in limine is decided, because such a decision is a procedural step prior to the offer of evidence at trial that does not preserve the record for appellate review.  *Id.*; *see also State v. Simpson*, 5th Dist. No. 06CA27, 2007-Ohio-1959, ¶ 15.  A ruling on a motion in limine normally reflects the court's anticipated treatment of an evidentiary issue.  Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty to again consider the admissibility of the disputed evidence in its actual context.  *State v. Grubb*, 28 Ohio St.3d 199, 201-02 (1986).  For those reasons, a motion in limine does not preserve for purposes of appeal any error in

---

[3] R.C. 4511.197(C) provides that the scope of an ALS appeal is limited to determining whether certain conditions have been met, including whether, under circumstances here, "the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests."  R.C. 4511.197(C)(3).

[4] We do not address appellant's assignment of error as it relates to the trial court's decision denying her motion to reconsider its decision denying her motion to suppress.  Appellant does not set forth any argument concerning that decision.

the disposition of the motion in limine. " 'An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial.' " *Grubb* at 203, quoting *State v. Leslie*, 14 Ohio App.3d 343, 344 (1984).

{¶ 10} Appellant entered a no contest plea and did not proceed to trial. Therefore, the issues she raised in her motion in limine were not reached during trial, and we have no basis to consider them on appeal. *State v. Stoyer*, 9th Dist. No. 24010, 2008-Ohio-2964, ¶ 9. Accordingly, we overrule appellant's assignment of error.

### B. Appellant's ALS Terminated After her Conviction Pursuant to her No Contest Plea

{¶ 11} Appellant does not present any other arguments about her convictions or the trial court's decision to deny her motion to suppress. Her only arguments in these appeals deal with the propriety of her ALS. Her ALS terminated, however, when she was convicted after entering a no contest plea to the OVI offense. R.C. 4511.191(B)(2); *State v. Gonzaliz*, 5th Dist. No. 2013CA00077, 2013-Ohio-5309, ¶ 19. Thus, appellant's arguments, which do not address her convictions, are moot. *Id.*; *State v. Kanavel*, 5th Dist. No. 2010-CA-131, 2011-Ohio-1711, ¶ 43; *State v. Clark*, 3d Dist. No. 6-95-10 (Jan. 18, 1996).

### III. Conclusion

{¶ 12} Appellant's arguments in this appeal all relate to the ALS appeal, not her convictions. The ALS, however, terminated upon her conviction for OVI. R.C. 4511.191(B)(2). Because she has not substantively challenged her convictions in these appeals, we have no option but to affirm those convictions, rendering her challenge to the ALS moot.

{¶ 13} Accordingly, we overrule appellant's assignment of error and affirm the judgments of the Franklin County Municipal Court.

*Judgments affirmed.*

BROWN, P.J., and HORTON, J., concur.

———————————