[Cite as *State v. Miller*, 2016-Ohio-1290.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                           :

       Plaintiff-Appellee,                          :

       - vs -                                             :

CHRISTIAN R. MILLER,                            :

       Defendant-Appellant.                      :

CASE NO.   CA2015-10-079

O P I N I O N
3/28/2016

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2015TRC11496

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Gary A. Rosenhoffer, 313 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**S. POWELL, J.**

{¶ 1}  Defendant-appellant, Christian R. Miller, appeals from the decision of the Clermont County Municipal Court upholding his administrative license suspension imposed after his arrest for operating a vehicle while under the influence of alcohol ("OVI").  For the reasons outlined below, we dismiss this appeal as moot.

{¶ 2}  On August 2, 2015, Miller was arrested and charged with two counts of OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(H), both first-degree felonies, after

he was involved in a single-car accident. During this time, Miller exhibited an overwhelming odor of alcoholic beverage on his person, red and bloodshot eyes, dry mouth, and extremely slurred speech. Miller later submitted to a breath test indicating he had breath-alcohol-content measuring .201. Due to his failed breath test, Miller was subject to a 90-day administrative license suspension pursuant to R.C. 4511.191(C)(1)(a) and 4510.02(B)(5). In accordance with R.C. 4511.197(A), Miller appealed from his suspension, which the trial court denied after holding a hearing on the matter. Miller's suspension was subsequently terminated by operation of law on October 31, 2015.

{¶ 3} On December 1, 2015, Miller was found guilty after entering a no contest plea to OVI in violation of R.C. 4511.19(A)(1)(a), a statute that generally prohibits any person from operating a vehicle while under the influence of alcohol. The trial court then sentenced Miller to 180 days in jail, with 177 of those days suspended, placed him on three years of community control, and ordered him to pay a $400 fine. The trial court also suspended Miller's driver's license for 180 days, specifically noting that the suspension would be credited "back to date of offense."

{¶ 4} Miller now appeals from the trial court's decision to uphold his administrative license suspension, raising the following three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR OF FACT AND LAW WHEN IT CONCLUDED THAT A VALID BREATH TEST RESULT COULD BE OBTAINED FROM MILLER'S BREATH SAMPLE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR OF FACT AND LAW WHEN IT FOUND THAT THE BMV 2255 MET EVERY ELEMENT OF THE STATE'S BURDEN OF PROOF OF ALS COMPLIANCE SO AS TO SUSTAIN THE SUSPENSION.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT REFUSED TO ADMIT RELEVANT AND ADMISSIBLE EVIDENCE.

{¶ 11} In his three assignments of error, Miller argues the trial court erred by upholding his administrative license suspension. However, as noted above, Miller was subject to a 90-day suspension that terminated by operation of law on October 31, 2015. Moreover, even if the suspension had not terminated by operation of law, pursuant to R.C. 4511.191(B)(2), an administrative license suspension terminates when the defendant is convicted after entering a plea of no contest, something we find Miller did on December 1, 2015. Therefore, because Miller's arguments all relate to the trial court's decision to uphold his now terminated administrative license suspension, there is no relief that we can provide, thereby rendering this appeal moot. *See Columbus v. Zimmerman*, 10th Dist. Nos. 14AP-963 and 14AP-964, 2015-Ohio-3488, ¶ 11 (challenge to administrative license suspension was moot where appellant entered a no contest plea to the OVI offense); *City of Lakewood v. Snider*, 8th Dist. Cuyahoga No. 74935, 2000 WL 1739229, *2 (Nov. 22, 2000) (challenge to an administrative license suspension was moot where appellate court could not provide any relief since suspension had terminated); *see also State v. Book*, 5th Dist. Delaware No. 95-CAC-03-012, 1996 WL 753137, *2 (challenge to an administrative license suspension was moot where trial court "made the license suspension imposed on conviction retroactive to the date of appellant's arrest, effectively negating the administrative license suspension").

{¶ 12} In so holding, we note that Miller withdrew his motion to suppress his breath test result prior to entering his no contest plea. Unlike an appeal from an administrative license suspension that is used "to determine whether an alleged offender's operator's license should be reinstated," the purpose of a motion to suppress is to determine whether certain evidence will be admissible at trial. *State v. Roberts*, 4th Dist. Ross No. 93 CA 2020,

- 3 -

1995 WL 271729, *3 (May 4, 1995). A motion to suppress is the proper pretrial procedure for challenging a breath test result. *State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, ¶ 11, citing *Defiance v. Kretz*, 60 Ohio St.3d 1 (1991), syllabus. Therefore, as this court has stated previously, "[a] challenge to the results of a breath-alcohol test on the basis of failure to comply with Ohio Department of Health regulations should be brought as a motion to suppress." *State v. Needham*, 12th Dist. Butler No. CA91-11-184, 1992 WL 185686, *2 (Aug. 3, 1992).

{¶ 13} Appeal dismissed.

M. POWELL, P.J., and PIPER, J., concur.